FILED 

AUG - 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO
U.S. COURTHOUSE, ROOM 400
BOX 039
550 WEST FORT STREET
BOISE, IDAHO 83724

CAMERON S. BURKE
CLERK

208/334-1361

MEMORANDUM

Date: July 30, 2007

CR-07-417-DCJ

To:    U.S. District Court
       District of Northern District of California

From: US District Court, State of Idaho
       Darlene Smith, Deputy Clerk

Re:    Case No.CR 91-56-S-HLR

Case Name: USA v Pirtle


 This case has been transferred to your District per the enclosed order.   Included from the case is a certified copy of the docket sheet, indictment, superseding indictment and judgment.

Please  acknowledge  receipt  of  the  above  and  return  the acknowledgment to the District of Idaho.

Received by:

Date Received:

Please return acknowledgment to:

Clerk, US District Court
District of Idaho
550 W Fort St
MSC 042
Boise, ID  83724

E-filing

PROB 22
(Rev. 2/88)

## TRANSFER OF JURISDICTION

DOCKET NUMBER *(Tran. Court)*

Cr. 91-56-S-HLR

DOCKET NUMBER *(Rec. Court)*

CR07-00417 DLJ

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Idaho | Boise |

Mark D. Pirtle

NAME OF SENTENCING JUDGE

Honorable Harold L. Ryan

| DATES OF SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | January 24, 2007 | January 23, 2012 |

OFFENSE

21 USC 846 & 841(a)(1) Conspiracy to Manufacture Methamphetamine
18 USC 924(c)(1) Use of a Firearm During Drug Trafficking Crime

ORIGINAL FILED
JUN 2 9 2007
RICHARD W. WIEKING
CLERK, U.S. DIST. COURT
NORTHERN DIST. OF CALIFORNIA
OAKLAND

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____IDAHO_____

     IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Northern District of California_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____6/19/2007_____
*Date*

_____B. Jim W._____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____NORTHERN_____ DISTRICT OF _____CALIFORNIA_____

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

RECEIVED
JUL 2 2007
U.S. PROBATION OFFICE
NORTHERN DIST. CALIF.
OAKLAND

_____June 27, 2007_____
*Effective Date*

_____
*United States District Judge*

Taylor

AO 245 S (Rev. 4/90)(D.ID. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of Idaho

UNITED STATES OF AMERICA

v.                                                    Case Number CR 91-056 S HLR

MARK D. PIRTLE
Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MARK D. PIRTLE, was represented by David Manweiler.

The defendant was found guilty on count(s) 1, 9 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846, 841(a)(1) | Conspiracy to mfg. methamphetamine | | 1 |
| 18 USC 924(c)(1) | Use of a firearm during drug trafficking crime | | 9 |

As pronounced on May 12, 1994, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00, for count(s) 1, 9, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _____ day of _____, 19___

United States District Judge
Harold L. Ryan

I hereby certify that the annexed instrument
is a true and correct copy of the original on
file in my office.
Dated this _____ day of _____, 19___
CLERK, U.S. DISTRICT COURT
By _____ Deputy.

AO 245 S (Rev. 4/90)(D.ID. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  MARK D. PIRTLE
Case Number:  CR 91-056 S HLR

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months on count one, and 60 months on count nine. These sentences are to run consecutively.

The defendant is remanded to the custody of the United States Marshal.

### RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 4:07-cr-00417-DLJ    Document 3    Filed 08/03/2007    Page 5 of 39

AO 245 S (Rev. 4/90)(D.ID. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant:  MARK D. PIRTLE
Case Number:  CR 91-056 S HLR

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.  The defendant shall not own or possess a firearm or destructive device.

Participate in a program of drug aftercare, which may include urine testing, as directed by the probation officer.
Submit to a search of your person, residence, or automobile as directed by your probation officer, and you shall submit to the seizure of any contraband found therein.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(D.ID. rev.) Sheet 4 - Fine

Judgment--Page 4 of 5

Defendant:  MARK D. PIRTLE
Case Number:  CR 91-056 S HLR

**FINE**

The defendant shall pay a fine of $ 13,875.00.  This fine includes any costs of incarceration and supervision. Any amount of this fine which remains unpaid at the commencement of the term of supervised release shall be paid to the Clerk of the Court, 550 W. Fort St., MSC 39, Boise, ID 83724, on a monthly payment schedule as directed by the probation officer.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived, and any interest required from the previous sentence of July 9, 1992, is exonerated.

This fine (plus any interest required) shall be paid immediately.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 4/90)(D.ID. rev.) Sheet 5 - Statement of Reasons

Judgment--Page 5 of 5

Defendant: MARK D. PIRTLE
Case Number: CR 91-056 S HLR

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 34 |
| Criminal History Category: | I |
| Imprisonment Range: | 151 months to 188 months |
| Supervised Release Range: | 3 to 5 years |
| Fine Range: | $ 17,500 to $ 4,000,000 |
| Restitution: | $ |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): The defendant has been a model prisoner and the court feels a sentence at the bottom of the range is appropriate.

FILED
U.S. DISTRICT COURT

'01 DEC 12  A 9:22

DISTRICT OF IDAHO
CAMERON S. BURKE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,        )      CR No. 91-056-S-HLR
                                 )
                                 )      SUPERSEDING INDICTMENT
                                 )
                                 )
-vs-                             )
                                 )      21 U.S.C. 846
                                 )      21 U.S.C. 841(a)(1)
                                 )      21 U.S.C. 841(b)(1)(B)
PETER CHARLES ACUNA; ROBERT      )      21 U.S.C. 841(d)(2)
VICKERY; RENEE LYNN WHITE,       )      18 U.S.C. 922(g)(1)
aka RENEE LYNN VICKERY;          )      18 U.S.C. 924(c)(1)
SANDRA ANN MARSHALL, aka         )      21 U.S.C. 843(b)
SANDRA ANN ACUNA; and            )
MARK PIRTLE,                     )
                                 )
            Defendants.          )
_____)

     The Grand Jury charges:


                         COUNT ONE
                 (Vio. 21 USC 846; 841(a)(1))

     THAT between the dates of April 1, 1991 and May 12, 1991,

within the District of Idaho and in various other districts, PETER

CHARLES ACUNA, ROBERT VICKERY, RENEE LYNN WHITE, aka RENEE LYNN

VICKERY, SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, and MARK

PIRTLE, defendants herein, did combine, conspire, confederate and

SUPERSEDING INDICTMENT - PAGE 1

1   agree with each other, and with other persons, both known and
2   unknown to the Grand Jury, to manufacture methamphetamine, a
3   Schedule II Controlled Substance, in violation of Title 21, United
4   States Code, Section 841(a)(1), all in violation of Title 21,
5   United States Code, Section 846.

6       In furtherance of the conspiracy, and to effect the objects
7   thereof, in the District of Idaho and elsewhere, one or more of the
8   defendants committed, or caused to be committed, overt acts,
9   including but not limited to the following:

10
11                          **OVERT ACTS**

12      1.    On or about April 17, 1991, PETER CHARLES ACUNA contacted
13  Mike Lusk, an agent of the Idaho Bureau of Narcotics, to inquire
14  about the availability of hydriodic acid, a chemical used in the
15  manufacture of methamphetamine.

16      2.    On or about April 18, 1991, PETER CHARLES ACUNA contacted
17  Dave Kynoch, an agent of the Idaho Bureau of Narcotics, to inquire
18  about the availability of hydriodic acid.

19      3.    On or about April 19, 1991, at approximately 10:40 a.m.,
20  PETER CHARLES ACUNA and SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,
21  met with Agent Dave Kynoch and discussed the purchase of ten
22  gallons of hydriodic acid.

23      4.    On or about April 19, 1991, at approximately 5:10 p.m.,
24  PETER CHARLES ACUNA and SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,
25  met with Agent Dave Kynoch and purchased ten gallons of hydriodic
26
27  SUPERSEDING INDICTMENT - PAGE 2
28

1  acid for $2,400.00.  The future purchase of additional chemicals
2  was also discussed.

3      5.    On or about May 6, 1991, at approximately 12:58 p.m.,
4  PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the
5  purchase of chemicals used in the manufacture of methamphetamine.

6      6.    On or about May 6, 1991, at approximately 3:55 p.m.,
7  PETER CHARLES ACUNA telephoned Agent Dave Kynoch and ordered
8  chemicals used in the manufacture of methamphetamine.

9      7.    On or about May 7, 1991, at approximately 10:30 a.m.,
10 PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the
11 purchase of additional chemicals used in the manufacture of
12 methamphetamine.

13     8.    On or about May 7, 1991, at approximately 7:55 p.m.,
14 PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the
15 purchase of additional chemicals used in the manufacture of
16 methamphetamine.

17     9.    On or about May 7, 1991, RENEE LYNN WHITE, aka RENEE LYNN
18 VICKERY, and ROBERT VICKERY withdrew $7,000.00 from a bank account
19 to finance the purchase of chemicals used in the manufacture of
20 methamphetamine.

21     10.   On or about May 9, 1991, at approximately 5:35 p.m.,
22 PETER CHARLES ACUNA telephoned Agent Dave Kynoch from Nevada and
23 advised Kynoch of his travel plans to Boise.

24

25

26

27 SUPERSEDING INDICTMENT - PAGE 3

28

1        11. On or about May 9, 1991, **PETER CHARLES ACUNA** carried or

2    used a 9mm Browning Hi-Power semi-automatic pistol in traveling

3    from California.

4        12. On or about May 9, 1991, **MARK PIRTLE** used or carried a

5    .32 caliber Deutsche Werke semi-automatic pistol in traveling from

6    California.

7        13. On or about May 10, 1991, at approximately 5:23 p.m.,

8    **SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,** contacted Agent Dave

9    Kynoch to inform him that **PETER CHARLES ACUNA** had been arrested in

10   Winnemucca, Nevada.

11       14. On or about May 10, 1991, **RENEE LYNN WHITE, aka RENEE**

12   **LYNN VICKERY,** and **ROBERT VICKERY** posted bail for **PETER CHARLES**

13   **ACUNA** in Winnemucca, Nevada.

14       15. On or about May 10, 1991, at approximately 10:35 p.m.,

15   **SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,** telephoned Agent Dave

16   Kynoch to inform him of developments regarding **ACUNA's** arrest.

17       16. On or about May 11, 1991, at approximately 10:30 a.m.,

18   **PETER CHARLES ACUNA** telephoned Agent Dave Kynoch to discuss his

19   release from jail and plans to continue to Boise.

20       17. On or about May 11, 1991, **PETER CHARLES ACUNA, ROBERT**

21   **VICKERY** and **RENEE LYNN WHITE, aka RENEE LYNN VICKERY,** traveled to

22   Nampa, Idaho.

23       18. On or about May 11, 1991, at approximately 4:00 p.m.,

24   **PETER CHARLES ACUNA** rented rooms 116 and 117, Shilo Inn, Nampa

25   Boulevard, Nampa, Idaho.

26

27   **SUPERSEDING INDICTMENT – PAGE 4**

28

1     19.  On or about May 11, 1991, RENEE LYNN WHITE, aka RENEE

2 LYNN VICKERY, and ROBERT VICKERY took possession of room 116, Shilo

3 Inn, Nampa Boulevard, Nampa, Idaho.

4     20.  On or about May 11, 1991, at approximately 5:03 p.m.,

5 PETER CHARLES ACUNA telephoned Agent Dave Kynoch to arrange a

6 meeting place for ACUNA's purchase of chemicals.

7     21.  On or about May 11, 1991, at approximately 6:20 p.m.,

8 PETER CHARLES ACUNA met with Agent Dave Kynoch and showed Kynoch

9 the cash to be used for the chemical purchase.

10     22.  On or about May 11, 1991, at approximately 7:53 p.m.,

11 PETER CHARLES ACUNA met Agent Dave Kynoch at the Stage Stop Truck

12 Stop to complete the chemical purchase.

13     23.  On or about May 11, 1991, PETER CHARLES ACUNA took

14 possession of approximately ten pounds of ephedrine, 15 gallons of

15 hydriodic acid, three liters of methylamine, 10 pounds of

16 phenylacetic acid, and 50 pounds of caustic soda, from Agent

17 Kynoch.  In exchange, ACUNA delivered approximately $5,500.00 in

18 cash and three pounds of marijuana to Agent Dave Kynoch.

19     24.  On or about May 11, 1991, PETER CHARLES ACUNA carried a

20 loaded 9mm Browning Hi-Power semi-automatic pistol during the

21 chemical purchase and marijuana delivery.

22     25.  On or about May 11, 1991, PETER CHARLES ACUNA and Agent

23 Kynoch discussed future chemical transactions in which ACUNA would

24 provide quantities of methamphetamine to Agent Kynoch in exchange

25 for chemicals used to manufacture additional methamphetamine.

26

27 SUPERSEDING INDICTMENT - PAGE 5

28

26.  On or about May 11, 1991, **ROBERT VICKERY** and **RENEE LYNN WHITE, aka RENEE LYNN VICKERY,** possessed methamphetamine with the intent to distribute.

27.  That on or about May 11, 1991, **ROBERT VICKERY** and **RENEE LYNN WHITE, aka RENEE LYNN VICKERY,** possessed marijuana with the intent to distribute.

## COUNT TWO
### (Vio. 21 USC 841(d)(2))

That on or about April 19, 1991, within the District of Idaho, **PETER CHARLES ACUNA** and **SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,** defendants herein, did willfully and intentionally possess a listed chemical, namely: hydriodic acid, knowing, or having reasonable cause to believe, that the hydriodic acid would be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 841(d)(2).

## COUNT THREE
### (Vio. 21 USC 843(b))

That on or about May 10, 1991, at approximately 5:23 p.m., within the District of Idaho and elsewhere, **SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,** defendant herein, did knowingly and intentionally use a communication facility, that is, a telephone, to commit or cause or facilitate the commission of the crime of conspiracy to manufacture methamphetamine, as charged in Count One,

SUPERSEDING INDICTMENT - PAGE 6

1 | and/or the crime of possessing listed chemicals, as charged in
2 | Counts Ten, Eleven, Twelve or Thirteen, all of which are felonies
3 | under the provisions of Title 21, United States Code; all in
4 | violation of Title 21, United States Code, Section 843(b).

### COUNT FOUR
(Vio. 21 USC 843(b))

That on or about May 10, 1991, at approximately 10:35 p.m., within the District of Idaho and elsewhere, **SANDRA ANN MARSHALL**, aka **SANDRA ANN ACUNA**, defendant herein, did knowingly and intentionally use a communication facility, that is, a telephone, to commit or cause or facilitate the commission of the crime of conspiracy to manufacture methamphetamine, as charged in Count One, and/or the crime of possessing listed chemicals, as charged in Counts Ten, Eleven, Twelve or Thirteen, all of which are felonies under the provisions of Title 21, United States Code; all in violation of Title 21, United States Code, Section 843(b).

### COUNT FIVE
(Vio. 21 USC 841(a)(1))

That on or about May 11, 1991, within the District of Idaho, **PETER CHARLES ACUNA**, defendant herein, did knowingly and intentionally distribute marijuana, a Schedule I Controlled Substance, to Idaho Bureau of Narcotics Agent Dave Kynoch, in violation of Title 21, United States Code, Section 841(a)(1).

SUPERSEDING INDICTMENT - PAGE 7

## COUNT SIX
### (Vio. 21 USC 841(a)(1); 841(b)(1)(B))

That on or about May 11, 1991, within the District of Idaho, ROBERT VICKERY and RENEE LYNN WHITE, aka RENEE LYNN VICKERY, defendants herein, did knowingly and intentionally possess 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT SEVEN
### (Vio. 21 USC 841(a)(1))

That on or about May 11, 1991, within the District of Idaho, ROBERT VICKERY and RENEE LYNN WHITE, aka RENEE LYNN VICKERY, defendants herein, did knowingly and intentionally possess marijuana, a Schedule I Controlled Substance, with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT
### (Vio. 18 USC 924(c)(1))

That on or about May 11, 1991, within the District of Idaho, PETER CHARLES ACUNA, defendant herein, knowingly used and/or carried a firearm, that is: a 9mm Browning Hi-Power semi-automatic pistol, during and in relation to the drug trafficking crimes described in Counts One, Five, Ten, Eleven, Twelve and Thirteen

SUPERSEDING INDICTMENT - PAGE 8

1 | hereof, in violation of Title 18, United States Code, Section
2 | 924(c)(1).

4 |                          **COUNT NINE**
5 |                     **(Vio. 18 USC 924(c)(1))**

6 | That on or between May 9, 1991, and May 11, 1991, within the
7 | District of Idaho and elsewhere, **MARK PIRTLE**, defendant herein,
8 | knowingly used and/or carried a firearm, that is: a .32 caliber
9 | Deutsche Werke semi-automatic pistol and/or a 9mm Browning Hi-
10 | Power semi-automatic pistol, during and in relation to the drug
11 | trafficking crime described in Count One hereof, in violation of
12 | Title 18, United States Code, Section 924(c)(1).

14 |                          **COUNT TEN**
    |                     **(Vio. 18 USC 922(g)(1))**

15 | That on or about May 11, 1991, within the District of Idaho,
16 | **PETER CHARLES ACUNA**, defendant herein, did unlawfully possess, in
17 | or affecting commerce, a firearm, namely:  a 9mm Browning Hi-Power
18 | semi-automatic pistol, said **ACUNA** having previously been convicted
19 | of crimes punishable by imprisonment for a term exceeding one year,
20 | to wit:  on or about December 28, 1976, in Eldorado County Superior
21 | Court, California, for the crime of Assault With a Deadly Weapon;
22 | on or about July 22, 1977, in Sacramento County Superior Court,
23 | California, for the crime of Forgery; and/or on or about May 11,
24 | 1981, in Clark County, Washington, for the crimes of robbery in the
25 | first degree, assault in the second degree and possession of stolen

27 | SUPERSEDING INDICTMENT - PAGE 9

1  property; all in violation of Title 18, United States Code, Section

2  922(g)(1).

3

4                          **COUNT ELEVEN**

5                        (Vio. 21 USC 841(d)(2))

6       That on or about May 11, 1991, within the District of Idaho,

7  **PETER   CHARLES   ACUNA**, defendant   herein, did   willfully   and

8  intentionally possess a listed chemical, namely: hydriodic acid,

9  knowing, or having reasonable cause to believe that the hydriodic

10 acid would be used to manufacture methamphetamine, in violation of

11 Title 21, United States Code, Section 841(a)(1), all in violation

12 of Title 21, United States Code, Section 841(d)(2).

13

14                          **COUNT TWELVE**
                          (Vio. 21 USC 841(d)(2))

15      That on or about May 11, 1991, within the District of Idaho,

16 **PETER   CHARLES   ACUNA**, defendant   herein, did   willfully   and

17 intentionally   possess   a   listed   chemical, namely:   ephedrine,

18 knowing, or having reasonable cause to believe that the ephedrine

19 would be used to manufacture methamphetamine, in violation of Title

20 21, United States Code, Section 841(a)(1), all in violation of

21 Title 21, United States Code, Section 841(d)(2).

22

23                          **COUNT THIRTEEN**
                          (Vio. 21 USC 841(d)(2))

24

25      That on or about May 11, 1991, within the District of Idaho,

26 **PETER   CHARLES   ACUNA**, defendant   herein, did   willfully   and

27 SUPERSEDING INDICTMENT - PAGE 10

28

1  intentionally possess a listed chemical, namely: methylamine,

2  knowing, or having reasonable cause to believe, that the

3  methylamine would be used to manufacture methamphetamine, in

4  violation of Title 21, United States Code, Section 841(a)(1), all

5  in violation of Title 21, United States Code, Section 841(d)(2).

6

7                          **COUNT FOURTEEN**
                         **(Vio. 21 USC 841(d)(2))**
8

9      That on or about May 11, 1991, within the District of Idaho,

   **PETER CHARLES ACUNA**, defendant herein, did willfully and
10
   intentionally possess a listed chemical, namely: phenylacetic acid,
11
   knowing, or having reasonable cause to believe that the methylamine
12
   would be used to manufacture methamphetamine, in violation of Title
13
   21, United States Code, Section 841(a)(1), all in violation of
14
   Title 21, United States Code, Section 841(d)(2).
15
                          A TRUE BILL:
16

17

18                    ─────FOREMAN

19

20  MAURICE O. ELLSWORTH
    United States Attorney
21

22

23  MONTE J. STILES
    Assistant United States Attorney
24

25

26

27  SUPERSEDING INDICTMENT - PAGE 11

28

FILED
U.S. DISTRICT COURT

AM AUG 16 P 3: 17

DISTRICT OF IDAHO
CAMERON S. BURKE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | GR   91-056-S-HLR |
|---|---|---|
| | ) | |
| | ) | **INDICTMENT** |
| | ) | |
| -vs- | ) | 21 U.S.C. 846 |
| | ) | 21 U.S.C. 841(a)(1) |
| | ) | 21 U.S.C. 841(b)(1)(B) |
| PETER CHARLES ACUNA; ROBERT | ) | 21 U.S.C. 841(d)(2) |
| VICKERY; RENEE LYNN WHITE, | ) | 18 U.S.C. 922(g)(1) |
| aka RENEE LYNN VICKERY; | ) | 18 U.S.C. 924(c)(1) |
| SANDRA ANN MARSHALL, aka | ) | 21 U.S.C. 843(b) |
| SANDRA ANN ACUNA, and | ) | |
| MARK PIRTLE, | ) | |
| | ) | |
| Defendants. | ) | |

The Grand Jury charges:

## COUNT ONE
### (Vio. 21 USC 846; 841(a)(1))

THAT between the dates of April 1, 1991 and May 12, 1991,
within the District of Idaho, and in various other districts, **PETER
CHARLES ACUNA, ROBERT VICKERY, RENEE LYNN WHITE, aka RENEE LYNN
VICKERY, SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, and MARK
PIRTLE,** defendants herein, did combine, conspire, confederate and
agree with each other, and with other persons, both known and

INDICTMENT - PAGE 1

unknown to the Grand Jury, to manufacture methamphetamine, a
Schedule II Controlled Substance, in violation of Title 21, United
States Code, Section 841(a)(1), all in violation of Title 21,
United States Code, Section 846.

In furtherance of the conspiracy, and to effect the objects
thereof, in the District of Idaho and elsewhere, one or more of the
defendants committed, or caused to be committed, overt acts,
including but not limited to the following:

## OVERT ACTS

1.   On or about April 17, 1991, PETER CHARLES ACUNA contacted
Mike Lusk, an agent of the Idaho Bureau of Narcotics, to inquire
about the availability of hydriodic acid, a chemical used in the
manufacture of methamphetamine.

2.   On or about April 18, 1991, PETER CHARLES ACUNA contacted
Dave Kynoch, an agent of the Idaho Bureau of Narcotics, to inquire
about the availability of hydriodic acid.

3.   On or about April 19, 1991, at approximately 10:40 a.m.,
PETER CHARLES ACUNA and SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,
met with Agent Dave Kynoch and discussed the purchase of ten
gallons of hydriodic acid.

4.   On or about April 19, 1991, at approximately 5:10 p.m.,
PETER CHARLES ACUNA and SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,
met with Agent Dave Kynoch and purchased ten gallons of hydriodic
acid for $2,400.  The future purchase of additional chemicals was
also discussed.

INDICTMENT - PAGE 2

5.   On or about May 6, 1991, at approximately 12:58 p.m., PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the purchase of chemicals used in the manufacture of methamphetamine.

6.   On or about May 6, 1991, at approximately 3:55 p.m., PETER CHARLES ACUNA telephoned Agent Dave Kynoch and ordered chemicals used in the manufacture of methamphetamine.

7.   On or about May 7, 1991, at approximately 10:30 a.m., PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the purchase of additional chemicals used in the manufacture of methamphetamine.

8.   On or about May 7, 1991, at approximately 7:55 p.m., PETER CHARLES ACUNA telephoned Agent Dave Kynoch and discussed the purchased of additional chemicals used in the manufacture of methamphetamine.

9.   On or about May 7, 1991, RENEE LYNN WHITE, aka RENEE LYNN VICKERY, and ROBERT VICKERY withdrew $7,000.00 from a bank account to finance the purchase of chemicals used in the manufacture of methamphetamine.

10.  On or about May 9, 1991, at approximately 5:35 p.m., PETER CHARLES ACUNA telephoned Agent Dave Kynoch from Nevada and advised Kynoch of his travel plans to Boise.

11.  On or about May 10, 1991 at approximately 5:23 p.m., SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, contacted Agent Dave Kynoch to inform him that PETER CHARLES ACUNA had been arrested in Winnemucca, Nevada.

INDICTMENT - PAGE 3

1     12. On or about May 10, 1991, **RENEE LYNN WHITE, aka RENEE**

2  **LYNN VICKERY,** and **ROBERT VICKERY** posted bail for **PETER CHARLES**

3  **ACUNA** in Winnemucca, Nevada.

4     13. On or about May 10, 1991, at approximately 10:35 p.m.,

5  **SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA,** telephoned Agent Dave

6  Kynoch to inform him of developments regarding **ACUNA's** arrest.

7     14. On or about May 11, 1991, at approximately 10:30 a.m.,

8  **PETER CHARLES ACUNA** telephoned Agent Dave Kynoch to discuss his

9  release from jail and plans to continue to Boise.

10     15. On or about May 11, 1991, **PETER CHARLES ACUNA, ROBERT**

11  **VICKERY** and **RENEE LYNN WHITE, aka RENEE LYNN VICKERY,** traveled to

12  Nampa, Idaho.

13     16. On or about May 11, 1991, at approximately 4:00 p.m.,

14  **PETER CHARLES ACUNA** rented rooms 116 and 117, Shilo Inn, Nampa

15  Boulevard, Nampa, Idaho.

16     17. On or about May 11, 1991, **RENEE LYNN WHITE, aka RENEE**

17  **LYNN VICKERY,** and **ROBERT VICKERY** took possession of room 116, Shilo

18  Inn, Nampa Boulevard, Nampa, Idaho.

19     18. On or about May 11, 1991, at approximately 5:03 p.m.,

20  **PETER CHARLES ACUNA** telephoned Agent Dave Kynoch to arrange a

21  meeting place for **ACUNA's** purchase of chemicals.

22     19. On or about May 11, 1991, at approximately 6:20 p.m.,

23  **PETER CHARLES ACUNA** met with Agent Dave Kynoch and showed Kynoch

24  the cash to be used for the chemical purchase.

25

26

27  **INDICTMENT - PAGE 4**

28

20. On or about May 11, 1991, at approximately 7:53 p.m., **PETER CHARLES ACUNA** met Agent Dave Kynoch at the Stage Stop Truck Stop to complete the chemical purchase.

21. On or about May 11, 1991, **PETER CHARLES ACUNA** took possession of approximately ten pounds of ephedrine, 15 gallons of hydriodic acid, three liters of methylamine, 10 pounds of phenylacetic acid, and 50 pounds of caustic soda, from Agent Kynoch. In exchange, **ACUNA** delivered approximately $5,500.00 in cash and three pounds of marijuana to Agent Dave Kynoch.

22. On or about May 11, 1991, **PETER CHARLES ACUNA** carried a loaded 9mm Browning Hi-Power semi-automatic pistol during the chemical purchase and marijuana delivery.

23. On or about May 11, 1991, **PETER CHARLES ACUNA** and Agent Kynoch discussed future chemical transactions in which **ACUNA** would provide quantities of methamphetamine to Agent Kynoch in exchange for chemicals used to manufacture additional methamphetamine.

24. On or about May 11, 1991, **ROBERT VICKERY** and **RENEE LYNN WHITE**, aka **RENEE LYNN VICKERY**, possessed methamphetamine with the intent to distribute.

25. That on or about May 11, 1991, **ROBERT VICKERY** and **RENEE LYNN WHITE**, aka **RENEE LYNN VICKERY**, possessed marijuana with the intent to distribute.

INDICTMENT - PAGE 5

## COUNT TWO
### (Vio. 21 USC 841(d)(2))

That on or about April 19, 1991, within the District of Idaho, PETER CHARLES ACUNA and SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, defendants herein, did willfully and intentionally possess a listed chemical, namely: hydriodic acid, knowing, or having reasonable cause to believe that the hydriodic acid would be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 841(d)(2).

## COUNT THREE
### (Vio. 21 USC 843(b))

That on or about May 10, 1991, at approximately 5:23 p.m., within the District of Idaho and elsewhere, SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, defendant herein, did knowingly and intentionally use a communication facility, that is, a telephone, to commit or cause or facilitate the commission of the crime of conspiracy to manufacture methamphetamine, as charged in Count One, and/or the crime of possessing listed chemicals, as charged in Counts 10, 11, 12 or 13, all of which are felonies under the provisions of Title 21, United States Code; all in violation of Title 21, United States Code, Section 843(b)

INDICTMENT - PAGE 6

## COUNT FOUR
### (Vio. 21 USC 843(b))

That on or about May 10, 1991, at approximately 10:35 p.m., within the District of Idaho and elsewhere, SANDRA ANN MARSHALL, aka SANDRA ANN ACUNA, defendant herein, did knowingly and intentionally use a communication facility, that is, a telephone, to commit or cause or facilitate the commission of the crime of conspiracy to manufacture methamphetamine, as charged in Count One, and/or the crime of possessing listed chemicals, as charged in Counts 10, 11, 12 or 13, all of which are felonies under the provisions of Title 21, United States Code; all in violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE
### (Vio. 21 USC 841(a)(1))

That on or about May 11, 1991, within the District of Idaho, PETER CHARLES ACUNA, defendant herein, did knowingly and intentionally distribute marijuana, a Schedule I Controlled Substance, to Idaho Bureau of Narcotics Agent Dave Kynoch, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
### (Vio. 21 USC 841(a)(1); 841(b)(1)(B))

That on or about May 11, 1991, within the District of Idaho, ROBERT VICKERY and RENEE LYNN WHITE, aka RENEE LYNN VICKERY, defendants herein, did knowingly and intentionally possess 100

INDICTMENT - PAGE 7

1  grams or more of a mixture or substance containing a detectable
2  amount of methamphetamine, a Schedule II Controlled Substance, with
3  the intent to distribute, in violation of Title 21, United States
4  Code, Sections 841(a)(1) and 841(b)(1)(B).

5

6                              **COUNT SEVEN**
7                           (Vio. 21 USC 841(a)(1))

8      That on or about May 11, 1991, within the District of Idaho,
9  ROBERT VICKERY and RENEE LYNN WHITE, aka RENEE LYNN VICKERY,
   defendants herein, did knowingly and intentionally possess
10
   marijuana, a Schedule I Controlled Substance, with the intent to
11
   distribute, in violation of Title 21, United States Code, Section
12
   841(a)(1).
13

14
                               **COUNT EIGHT**
15                          (Vio. 18 USC 924(c)(1))

16     That on or about May 11, 1991, within the District of Idaho,
17  PETER CHARLES ACUNA, defendant herein, knowingly used and/or
18  carried a firearm, that is: a 9mm Browning Hi-Power semi-automatic
19  pistol, during and in relation to the drug trafficking crimes
20  described in Counts 1, 5, 10, 11, 12 and 13 hereof, in violation
21  of Title 18, United States Code, Section 924(c)(1).

22

23                              **COUNT NINE**
                            (Vio. 18 USC 922(g)(1))
24
25     That on or about May 11, 1991, within the District of Idaho,
26  PETER CHARLES ACUNA, defendant herein, did unlawfully possess, in

27  INDICTMENT - PAGE 8

28

1  or affecting commerce, a firearm, namely:  a 9mm Browning Hi-Power

2  semi-automatic pistol, said ACUNA having previously been convicted

3  of crimes punishable by imprisonment for a term exceeding one year,

4  to wit:  on or about December 28, 1976, in Eldorado County Superior

5  Court, California, for the crime of Assault With a Deadly Weapon;

6  on or about July 22, 1977, in Sacramento County Superior Court,

7  California, for the crime of Forgery; and/or on or about May 11,

8  1981, in Clark County, Washington, for the crimes of robbery in the

9  first degree, assault in the second degree and possession of stolen

10  property; all in violation of Title 18, United States Code, Section

11  922(g)(1).

12

13                          **COUNT TEN**
                         (Vio. 21 USC 841(d)(2))
14

15      That on or about May 11, 1991, within the District of Idaho,

16  **PETER   CHARLES   ACUNA**,  defendant   herein,   did   willfully   and

    intentionally possess a listed chemical, namely: hydriodic acid,
17
    knowing, or having reasonable cause to believe that the hydriodic
18
    acid would be used to manufacture methamphetamine, in violation of
19
    Title 21, United States Code, Section 841(a)(1), all in violation
20
    of Title 21, United States Code, Section 841(d)(2).
21

22                        **COUNT ELEVEN**
                         (Vio. 21 USC 841(d)(2))
23

24      That on or about May 11, 1991, within the District of Idaho,

25  **PETER   CHARLES   ACUNA**,  defendant   herein,   did   willfully   and

26  intentionally   possess   a   listed   chemical,   namely:   ephedrine,

27  **INDICTMENT - PAGE 9**

28

1   knowing, or having reasonable cause to believe that the ephedrine

2   would be used to manufacture methamphetamine, in violation of Title

3   21, United States Code, Section 841(a)(1), all in violation of

4   Title 21, United States Code, Section 841(d)(2).

5

6                          **COUNT TWELVE**
                         (Vio. 21 USC 841(d)(2))
7

8        That on or about May 11, 1991, within the District of Idaho,

9   PETER  CHARLES  ACUNA,  defendant  herein,  did  willfully  and

10  intentionally  possess  a  listed  chemical,  namely:  methylamine,

11  knowing, or having reasonable cause to believe that the methylamine

12  would be used to manufacture methamphetamine, in violation of Title

13  21, United States Code, Section 841(a)(1), all in violation of

14  Title 21, United States Code, Section 841(d)(2).

15

16                         **COUNT THIRTEEN**
                         (Vio. 21 USC 841(d)(2))
17

18       That on or about May 11, 1991, within the District of Idaho,

19  PETER  CHARLES  ACUNA,  defendant  herein,  did  willfully  and

20  intentionally possess a listed chemical, namely: phenylacetic acid,

21  knowing, or having reasonable cause to believe that the methylamine

22  would be used to manufacture methamphetamine, in violation of Title

23  21, United States Code, Section 841(a)(1), all in violation of

24  Title 21, United States Code, Section 841(d)(2).

25

26

27  INDICTMENT - PAGE 10

28

A TRUE BILL:

*Fred J Harder*

FOREMAN

MAURICE O. ELLSWORTH
United States Attorney

*Monte J. Stiles*

MONTE J. STILES
Assistant United States Attorney

INDICTMENT - PAGE 11

M2255, TERMED

# U.S. District Court
## District of Idaho (LIVE Database)Version 3.0.5 (Boise)
## CRIMINAL DOCKET FOR CASE #: 1:91-cr-00056-HLR All Defendants
## Internal Use Only

Case title: USA v. Acuna, et al

Date Filed: 08/16/1991
Date Terminated: 05/12/1994

Assigned to: Honorable Harold L. Ryan

### Defendant
**Peter Charles Acuna** (1)
*TERMINATED: 07/09/1992*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: Honorable Harold L. Ryan

Appeals court case number: 98-35038

### Defendant
**Robert Vickery** (2)
*TERMINATED: 07/09/1992*

represented by **Michael J Flanagan**
PENLAND & MUNTHER
PO Box 199
Boise, ID 83701

(208) 344-4566
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**                **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**             **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                   **Disposition**

None

Assigned to: Honorable Harold L. Ryan

Appeals court case number: 98-35040

**Defendant**

**Renee Lynn White** (3)       represented by **Michael J Flanagan**
*TERMINATED: 07/09/1992*                   (See above for address)
*also known as*                             *LEAD ATTORNEY*
Renee Lynn Vickery                     *ATTORNEY TO BE NOTICED*

**Pending Counts**                **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**             **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Honorable Harold L. Ryan

## Defendant

| **Sandra Ann Marshal** (4) | represented by | **Kenneth D Roberts** |
|---|---|---|
| TERMINATED: 04/14/1994 | | ROBERTS & ROBINSON |
| also known as | | 1024 E Belmont St |
| Sandra Ann Acuna | | Caldwell, ID 83605 |
| | | (208) 454-2531 |
| | | LEAD ATTORNEY |
| | | ATTORNEY TO BE NOTICED |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Honorable Harold L. Ryan

## Defendant

| **Mark Douglas Pirtle** (5) | represented by | **Michael J Brennan** |
|---|---|---|
| TERMINATED: 05/12/1994 | | USA Law School |
| | | Pocat Conviction Justice Project |
| | | Los Angeles, CA 90089-0071 |
| | | LEAD ATTORNEY |
| | | ATTORNEY TO BE NOTICED |
| | | Designation: Retained |

**David D Manweiler**
MANWEILER MANWEILER BREEN
& BALL PLLC
PO Box 937
Boise, ID 83701-0937
(208) 424-9100
Fax: (208) 424-3100
*TERMINATED: 06/05/1995*
*Designation: CJA Appointment*

## Pending Counts

21:846 NARCOTICS-SELL,
DISTRIBUTE, OR DISPENSE
(1)

18:924 FIREARMS use in drug
trafficking
(9)

## Disposition

151 mons. imprisonment on Ct 1; 60
mons. imprisonment on Ct 9; 5 yrs.
supervised release; $010 special
assessment

151 mons. imprisonment on Ct 1; 60
mons. imprisonment on Ct 9; 5 yrs.
supervised release; $010 special
assessment

## Highest Offense Level (Opening)

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

## Plaintiff

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/1991 | 92 | SUPERSEDING INDICTMENT; counts filed against Mark Douglas Pirtle (5) count(s) 1, 9 (cd) (Entered: 02/02/1994) |

| 01/07/1994 | 216 | MANDATE from Circuit Court of Appeals Affirming district court as to Dfts' Renee Vikery and Robert Vicekry. Vacating and remanding for sentencing as to Dft. Pirtle. (cc: all parties) (cd) (Entered: 02/02/1994) |
| 01/07/1994 | | (Court only) Docket Modification (Utility) case reopened by mandate of 2/7/94 (cd) (Entered: 02/02/1994) |
| 01/17/1994 | | (Court only) Docket Modification (Utility) Placed Counts for Def. Pirtle in P5-awaiting sentencing- pursuant to Mandate from 9th Circuit (dcap) (Entered: 06/01/1994) |
| 01/20/1994 | 217 | MANDATE from Circuit Court of Appeals Affirming District Court as to Dft. Acuna. (cc: all parties) (cd) (Entered: 02/02/1994) |
| 02/08/1994 | 218 | ORDER by Honorable Harold L. Ryan Appting David Manweiler as Atty for Def. Pirtle (Nunc Pro Tunc 1.8.94) (sb) (Entered: 02/09/1994) |
| 02/08/1994 | 219 | ORDER by Honorable Harold L. Ryan sentencing hearing set for 10:00 AM, on 4/12/94 for Mark Douglas Pirtle; Marshals are to ensure Def's Appearance; U.S. Probation tro Prepare Pre-Sentence Report. (cc: all parties) (sb) (Entered: 02/09/1994) |
| 03/16/1994 | 220 | MOTION to vacate & Cont. Sent. Hearing by Def. Pirtle (sb) (Entered: 03/29/1994) |
| 03/16/1994 | 221 | AFFIDAVIT of David D. Manweiler in Support of Mot. to Vacate & Cont. Sentencing Hearing. [220-1] (sb) (Entered: 03/29/1994) |
| 04/04/1994 | 222 | ORDER by Honorable Harold L. Ryan granting motion to vacate & Cont. Sent. Hearing [220-1] ; sentencing hearing reset for 4:30 PM on 5/12/94 for Def. Pirtle before Judge Ryan (cc: all parties) (sb) (Entered: 04/06/1994) |
| 04/14/1994 | 223 | MOTION of USA & ORDER by Honorable Harold L. Ryan case dismissed as to Def. Sandra Marshall (cc: all parties) (sb) (Entered: 05/11/1994) |
| 05/05/1994 | 224 | NOTICE of hearing sentencing hearing reset for 10:00 AM, on 5/12/94 for Mark Douglas Pirtle before HLR in Boise (cc: all parties) (sb) (Entered: 05/11/1994) |
| 05/12/1994 | 225 | MINUTES: before Honorable Harold L. Ryan sentencing of Def. Pirtle to cts 1&9 . 151 mons. imprisonment on Ct 1; 60 mons. imprisonment on Ct 9; 5 yrs. supervised release; $100 special assessment (sb) (Entered: 05/27/1994) |
| 05/12/1994 | | (Court only) Docket Modification (Utility) case terminated (sb) (Entered: 05/27/1994) |
| 05/12/1994 | 226 | JUDGMENT as to Mark Douglas Pirtle by Honorable Harold L. Ryan (cc: all parties) ; Book 16 Page 039 (sb) (Entered: 05/27/1994) |
| 05/12/1994 | 227 | FINDINGS of fact and STATEMENT of Reasons re Def. Pirtle by Honorable Harold L. Ryan (cc: all parties) (sb) (Entered: 05/27/1994) |

| 06/24/1994 | | RECEIPT as to Renee Lynn White - Receipt # 8856, $ 150.00 for Fine - No balance available. (ct) (Entered: 06/29/1994) |
|---|---|---|
| 09/20/1994 | 228 | ORDER by Honorable Harold L. Ryan Amending Judgment re Def. Vickery. [226-1] (cc: all parties) (sb) (Entered: 10/11/1994) |
| 09/28/1994 | 229 | AMENDED JUDGMENT as to Def. Vickery by Honorable Harold L. Ryan (cc: all parties) ; Book 16 Page 105 (sb) (Entered: 10/11/1994) |
| 06/09/1995 | 230 | ORDER by Honorable Edward J. Lodge Amending Judgment as to Def. Renee White (cc: all parties) (sb) (Entered: 08/03/1995) |
| 06/09/1995 | 231 | AMENDED JUDGMENT as to Renee Lynn White by Honorable Edward J. Lodge (cc: all parties) ; Book 17 Page 064 (sb) (Entered: 08/03/1995) |
| 12/06/1996 | 232 | PETITION for Writ 28:2255 by Mark Douglas Pirtle filed as Civil Case # 96-541-S-BLW (sb) (Entered: 03/17/1997) |
| 12/06/1996 | 233 | MEMORANDUM in support of Pursuant to 28:2255 petition [232-1] (sb) (Entered: 03/17/1997) |
| 03/17/1997 | 234 | NOTICE of Filing and Briefing Schedule re 28:2255 Motion of Def. Pirtle [232-1] (cc: all parties) (sb) |
| 04/02/1997 | 235 | MOTION for Extension of Time to file response to 28:2255 Motion of Def. Pirtle by USA (sb) (Entered: 04/08/1997) |
| 04/10/1997 | 236 | ORDER by Honorable B. Lynn Winmill granting motion for Extension of Time to file response to 28:2255 Motion of Pirtle [235-1] until 8.1.97 (cc: all parties) (sb) (Entered: 04/15/1997) |
| 04/18/1997 | 237 | MOTION for Enlargement of Time by Def. Acuna (sb) |
| 04/21/1997 | 238 | PETITION for Writ 28:2255 by Robert Vickery filed as Civil Case # 97-161-S-BLW (sb) (Entered: 04/22/1997) |
| 04/21/1997 | 239 | MEMORANDUM of Points and Authorities in Support of Motion Pursuant to 28:2255 re Def. Robert Vickery [238-1] (sb) (Entered: 04/22/1997) |
| 04/21/1997 | 240 | PETITION for Writ 28:2255 by Renee Lynn White filed as Civil Case # 97-162-S-BLW (sb) (Entered: 04/22/1997) |
| 04/21/1997 | 241 | MEMORANDUM of Points and Authorities in support of Motion Pursuant to 28:2255 petition re Def. Renee White [240-1] (sb) (Entered: 04/22/1997) |
| 04/22/1997 | 242 | APPLICATION and ORDER for Admission Pro Hac Vice re Hugo Torbet as atty for defs. Robert Vickery and Renee White for purpose of 2255 Petitions (sb) |
| 04/22/1997 | 243 | NOTICE of Filing and Briefing Schedule re 28:2255 Motion of Def. Robert Vickery. (sb) |

| 04/22/1997 | 244 | NOTICE of Filing and briefing Schedule regarding 28:2255 Motion of Def. Renee White. (sb) |
| 05/15/1997 | 245 | RESPONSE by USA to 28:2255 Petition of Def. Vickery [238-1] (sb) (Entered: 05/16/1997) |
| 05/15/1997 | 246 | AFFIDAVIT of Monte J. Stiles filed in support of response to 28:2255 Petition of Def. Vickery [245-1] (sb) (Entered: 05/16/1997) |
| 05/15/1997 | 247 | RESPONSE by USA to 28:2255 Petition of Def. White [240-1] (sb) (Entered: 05/16/1997) |
| 05/15/1997 | 248 | AFFIDAVIT of Monte J. Stiles filed in support of response to 28:2255 Petition of Def. White [247-1] (sb) (Entered: 05/16/1997) |
| 05/15/1997 | 249 | ORDER by Honorable B. Lynn Winmill granting motion for Extension of Time to file response to 28:2255 Motion of Pirtle [235-1] (cc: all parties) (sb) (Entered: 06/26/1997) |
| 05/28/1997 | 251 | TRAVERSE by def Vickery re Govt's Response to 2255 Motion [245-1] (sb) Modified on 06/26/1997 |
| 05/28/1997 | 250 | TRAVERSE by def White re Govt's Response to 2255 Motion [247-1] (sb) |
| 07/30/1997 | 252 | RESPONSE by USA to Motion of Def. Pirtle under 28 USC 2255 [232-1] (sb) (Entered: 07/31/1997) |
| 07/30/1997 | 253 | AFFIDAVIT of Monte J. Stiles in support of response to Def. Pirtle's 2255 Motion [252-1] (sb) (Entered: 07/31/1997) |
| 07/30/1997 | 254 | RESPONSE by USA to Petitioner's Vickery & White Traverses re 28:2255 Petitions [250-1][251-1] (sb) (Entered: 07/31/1997) |
| 07/30/1997 | 255 | AFFIDAVIT of Monte J. Stiles filed in support of response [254-1] (sb) (Entered: 07/31/1997) |
| 08/18/1997 | 256 | REPLY by defs Vickery and White to United States Response to Petitioner's Traverse re 28 USC 2255 Petition [254-1] (sb) |
| 08/18/1997 | 257 | EX PARTE APPLICATION by defendant Pirtle for an Extension of Time to File Reply Brief to Govt. Response to 28 USc 2255 Petition. (sb) (Entered: 08/27/1997) |
| 08/29/1997 | 258 | REPLY by def Pirtle to Govt's Response to 28 USC 2255 Petition [252-1] (sb) |
| 09/25/1997 | 259 | ORDER by Honorable B. Lynn Winmill denying 28:2255 petition [240-1][238-1] re Def's Vickery & White; ORDER Dismissing Civil proceedings(cc: all parties) (sb) (Entered: 09/26/1997) |
| 11/19/1997 | 260 | APPEAL Notice to USCA by defendant Robert Vickery re [259-1] fees 105.00 (cc: all parties) (rr) |

| 11/19/1997 | 261 | APPEAL Notice to USCA by defendant Renee Lynn White re [259-1] fees 105.00 (cc: all parties) (rr) |
| 12/11/1997 | 262 | ORDER Granting Permission to Appeal for as to Robert Vickery, Renee Lynn White (cc: all parties) (rr) |
| 12/11/1997 | | Appeals packet to 9th Circuit; Attys. (rr) |
| 12/11/1997 | | Appeals packet to 9th Circuit; Attys. (rr) |
| 01/21/1998 | | RE APPEAL [260-1] filed on 11/19/97; Appeal number 98-35038 received from USCA (dcap) (Entered: 06/26/2000) |
| 01/21/1998 | | RE APPEAL [261-1] filed on 11/19/97; Appeal number 98-35040 received from USCA (dcap) (Entered: 06/26/2000) |
| 05/11/1998 | | CLERK'S record on appeal sent to 9CCA. Sent 4 Volume(s) and 17 Volumes of Transcripts. (rr) |
| 12/23/1998 | 263 | APPLICATION by def Pirtle for Permission for Parties to File Supplemental briefs (sb) (Entered: 12/24/1998) |
| 01/15/1999 | 264 | ORDER by Honorable B. Lynn Winmill granting Def Pirtle's request [263-1] to file additional briefs re 2255 Petition (cc: all parties) (sb) (Entered: 01/19/1999) |
| 04/12/1999 | 265 | MOTION to Inspect Grand Jury Minutes by Robert Vickery (sb) |
| 04/12/1999 | 266 | MEMORANDUM in support of motion to Inspect Grand Jury Minutes [265-1] (sb) |
| 04/19/1999 | 267 | RESPONSE by USA to motion of Robert Vickery to Inspect Grand Jury Minutes [265-1] (sb) (Entered: 04/21/1999) |
| 04/30/1999 | 268 | OPPOSITION by def Vickery to Govt's Response to Motion to Inspect Grand Jury Minutes [265-1] (sb) |
| 05/03/1999 | 269 | ORDER by Honorable B. Lynn Winmill for briefing schedule re Def Pirtle's 2255 Petition [232-1]; Pirtle's brief shall be filed by 6/4/99, response by 7/2/99 and final reply brief due 7/16/99; Atty Michael Brennan substituted as counsel for def Pirtle (cc: all parties) (sb) (Entered: 05/10/1999) |
| 06/03/1999 | 270 | SUPPLEMENTAL MEMORANDUM by def Pirtle in support of Motion to vacate sentence of a person in federal custody pursuant to 28:2255 [232-1] (sb) |
| 07/01/1999 | 271 | RESPONSE by USA to Supplemental Memorandum of Def. Pirtle in Support of Petitioner's 28 USC 2255 Petition [270-1] (sb) (Entered: 07/02/1999) |
| 07/16/1999 | 272 | RESPONSE by def Pirtle to Govt's Reply to Supplemental Memorandum in Support of Petitioner's 28 USC 2255 Petition [271-1] (sb) |

| 07/27/1999 | 273 | REPLY by USA to Petitioner's 7/14/99 response to Govt's reply to supplemental memorandum in support of Def Pirtle's 28 USC 2255 Petition [232-1] (sb) (Entered: 08/05/1999) |
| 08/13/1999 | 274 | MEMORANDUM DECISION by Honorable B. Lynn Winmill denying 28:2255 petition of Def. Pirtle [232-1] [257-1] (cc: all parties) (sb) (Entered: 08/16/1999) |
| 08/13/1999 | 275 | JUDGMENT dismissing 2255 Petition of Def Pirtle by Honorable B. Lynn Winmill (cc: all parties) (JUDGMENT SCANNED) (sb) (Entered: 08/16/1999) |
| 09/17/1999 | 276 | CERTIFICATE OF Appealability by Honorable B. Lynn Winmill (cc: all counsel) (rr) (Entered: 09/20/1999) |
| 10/25/1999 | 277 | APPEAL Notice to USCA by defendant Mark Douglas Pirtle re [275-1] fees Fees not paid (cc: all parties) (rr) |
| 10/25/1999 | 278 | APPLICATION for Certificate of Appealability by Mark Douglas Pirtle (rr) |
| 08/08/2000 | 279 | MANDATE from Circuit Court of Appeals affirming the decision of the District Court on appeal [261-1], affirming the decision of the District Court on appeal [260-1] (cc: all parties) (rr) |
| 03/12/2001 | 280 | ORDER granting motion for Certificate of Appealability [278-1] (cc: all parties) (rr) (Entered: 03/13/2001) |
| 03/13/2001 | | Appeals packet to 9th Circuit; Attys. (rr) |
| 10/24/2001 | | CLERK'S record on appeal sent to 9CCA. Sent 4 Volume(s) (rr) |
| 02/12/2002 | | APPEAL Record returned by USCA as to defendant Mark Douglas Pirtle re [277-1] (rr) |
| 02/12/2002 | 281 | MANDATE from Circuit Court of Appeals affirming the decision of the District Court on appeal [277-1] (cc: all parties) (rr) |
| 02/09/2005 | | (Court only) ***Motions terminated as to Peter Charles Acuna: [237] Motion for Extension of Time to File filed by Peter Charles Acuna,. Docket #249 (mp, ) |
| 12/20/2005 | ◯282 | Remark-A motion to vacate, set aside or correct sentence by a person in Federal Custody 28 USC 2255 was filed in Civil Case 05-517-S-EJL. All docketing will be done in CV 05-517-S-EJL as to Peter Charles Acuna (Attachments: # 1 Exhibit # 2 Exhibit) (dkh, ) (Entered: 12/21/2005) |
| 12/29/2005 | ◯283 | ORDER that Petitioner's Motion to vacate, set aside or correct sentence pursuant to 28 USC 2255 is denied; Petitioner's motion for appointment of counsel is denied as moot; Petitioner's civil case associated with this 2255 motion is dismissed in its entirety (CV 05-517-S-EJL) as to Peter Charles Acuna re 282 (Notice sent to USM) . Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by ja, ) |

| 12/29/2005 | ❏284 | ORDER that Petitioner take nothing from the respondent and the civil case associated with this matter shall be dismissed in its entirety (CV 05-517-S-EJL) as to Peter Charles Acuna re 283 Order (Notice sent to USM) . Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by ja, ) |
| --- | --- | --- |
| 07/30/2007 | ❏285 | Probation Jurisdiction Transferred to Northern District of California Transmitted Transfer of Jurisdiction form, with certified copies of indictment, superseding indictment, judgment and docket sheet. (Notice sent to USP) (dks, ) |
| 07/30/2007 | ❏286 | LETTER from Darlene Smith as to Mark Douglas Pirtle (dks, ) |